IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DERRICK A GORDON,

    Plaintiff,

v.                                                    CASE NO. 5:18-cv-00197-MCR-MJF

K DAVISON, A GROVER-WILKES, JULIE L JONES, M JORDAN, L PETERSON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1) and a motion for a temporary restraining order (ECF No. 2). Upon review of the complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections who was confined at Apalachee Correctional Institution at the time of filing the suit, August 27, 2018. He sues several employees of Apalachee Correctional Institution, a librarian at the Northwest Florida Reception Center, and the Secretary of the Florida Department of Corrections over various issues relating to his access to

legal mail and legal materials in the libraries of those institutions.

On page four of the civil rights complaint form filed by Plaintiff under penalty of perjury, Section IV(C) ("Previous Lawsuits") asks the following question: "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 5 in ECF). Plaintiff marked "Yes" to this question, and disclosed only the following cases:

>   *Gordon v. State of Florida*, 6:02-cv-0047 (Middle District of Florida).
>
>   *Gordon v. Sanford Police Dep't*, 6:99-cv-649 (Middle District of Florida)
>
>   *Gordon v. Raines,* (Middle District of Florida; Plaintiff did not provide case number)
>
>   *Gordon v. State of Florida,* 6:03-cv-01542 (Middle District of Florida)
>
>   *Gordon v. Scholfman*, 3:09-cv-00823 (Middle District of Florida)

A review of ECF for the Northern District of Florida alone shows that Plaintiff has filed at least the following cases in the Northern District that should have been reported under Section IV(C) but were not reported by Plaintiff:

>   *Gordon v. Jones*, 4:18-cv-00384/5:18-cv-183 (The case number was changed when the case was transferred to the Panama City Division)

*Gordon v. May*, 5:16-cv-289
*Gordon v. Jones*, 5:18-cv-179.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." (ECF No. 1, p. 11). Thus, plaintiff has, in effect, stated that at the time he filed his complaint, he had not initiated any other action in federal court that met the criteria of Section IV(C).

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted cannot proceed in forma pauperis in any future suit he files as a prisoner, unless he is under imminent danger of serious physical injury). The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro s*e status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 4 in ECF).  Additionally, Plaintiff previously had case number 5:17-cv-00129 dismissed by then Chief Judge Rodgers for precisely this reason—failing to disclose prior cases.  Therefore, he was on notice that such behavior would not be tolerated.

If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false response to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing

the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That the motion for temporary restraining order, ECF No. 2, be denied, as, for the reasons given above, Plaintiff is not likely to prevail on the merits.

2. That this action be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

3. That the clerk be directed to close the file.

At Panama City, Florida this 2nd day of October, 2018.

/s/ *Michael J. Frank.*
**Michael J. Frank**
**United States Magistrate Judge**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within 14 days** after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.